IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Earnest E. Vaughn, Sr., )
)
      Plaintiff, )
)
vs. ) Case No. 8:18-cv-2065-TLW
)
Agent E.W. Brooks, Ex Agent Larry )
Byrd, and Cpt Sam Watts, )
)
      Defendants. )
)

### **ORDER**

Plaintiff Earnest E. Vaughn, Sr., proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was a pretrial detainee. ECF No. 1. This matter comes before the Court for review of the Report and Recommendation (the Report) issued by United States Magistrate Judge Kevin F. McDonald on August 1, 2018. ECF No. 9. The Magistrate Judge recommends summary dismissal of the Complaint based on *res judicata*. *Id.* Plaintiff filed objections to the Report, ECF No. 11, and this matter is now ripe for disposition.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to

> those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the filings and the relevant law in the instant case. Plaintiff asserts that he received additional information regarding the claims in the instant complaint, and that the information was not available to him when he filed his 2017 case, *Earnest E. Vaughn, Sr. v. Larry Robert Byrd, a.k.a. Robbie Byrd and Greenwood County*, C/A No. 8:17-cv-2232-TLW-KFM. ECF No. 11. In light of those objections, the Court also reviewed the Complaint, relevant filings, and Report and Recommendation issued in the 2017 case.

As the Magistrate Judge notes in the Report for this case, information related to Whitfield Brooks was clearly available to the Plaintiff in the first 2017 action. Plaintiff specifically names Brooks in the Amended Complaint that he filed in the first action. ECF No. 9 at 2. In the 2017 case and complaint, Plaintiff alleged the same <u>conduct</u> related to Brooks and Byrd searching his person. *See Id*. However, the first allegations of injury related to the search after his arrest were raised by Plaintiff in the second complaint, filed more than three years after his arrest in 2015.[1] To the extent Plaintiff's second complaint raises claims against Defendant Watts, Plaintiff merely alleges that Watts was the person who processed his administrative grievance while housed at the

---

[1] The Court also notes that even if this case was not barred by the doctrine of *res judicata*, this action would nevertheless be barred by South Carolina's three-year statute of limitations for § 1983 claims. *See e.g. Ford v. Georgetown Cty. Sch. Dist.*, No. 2:17-cv-01884-DCN, 2018 WL 4680134, at *2 (D.S.C. Sept. 28, 2018).

2

Greenwood Detention Center. ECF No. 11. As the Magistrate Judge notes, Plaintiff's 2017 case also raised claims related to his stay in the Greenwood Detention Center, and Plaintiff could have raised any claims related to Watts in that prior litigation. *Id.* at 4.

In his objections, Plaintiff does not specifically state why his second filing is outside the doctrine of *res judicata*. While he does state he "did not have accurate names" of defendants that led to the filing of a second complaint, *Id.* at 1, that is simply not the case. Both Defendants Brooks and Byrd, were named in both the first and second complaints. Facts related to his arrest were known to the Plaintiff when he filed the first complaint. The record reflects Plaintiff has not shown that the instant claims did not exist at the time of the prior litigation, when he named both defendants Brooks and Byrd. *See Ali v. Jeng*, 86 F.3d 1148 (4th Cir. 1996) ("[Plaintiff] may not bring piece-meal litigation by naming different defendants and alleging new causes of action when all of his claims arise from the same operative facts."); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991)("[res judicata] prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." (internal citations omitted)). In his objections, Plaintiff fails to substantively object to the conclusions in the Report, including that a final judgment on the merits was rendered in a prior suit. The Plaintiff has not asserted, either factually or legally, a basis to reject the Report and the analysis by the Magistrate Judge. For these reasons, the Court accepts the careful factual and legal analysis by the Magistrate Judge in his Report. ECF No. 9.

Thus, the Report, ECF No. 9, is hereby **ACCEPTED**, the Plaintiff's Objections, ECF No. 11, are **OVERRULED**, and this case is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

May 3, 2019
Columbia, South Carolina